UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| John Galardi | Matthew Vesterdahl |
| | Genevieve Walser-Jolly |

**Proceedings:**   TELEPHONIC HEARING ON:

DEFENDANT NATIONSTAR'S MOTION TO DISMISS (dkt. 10, filed December 20, 2013)

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS (dkt. 7, filed December 20, 2013)

### I.   INTRODUCTION

Plaintiffs Steven Mann and Catherine Mann filed this action in Riverside County Superior Court on November 12, 2013, against defendants Bank of America, N.A. ("BANA"), Nationstar LLC ("Nationstar"), and Does 1 through 10. On December 13, 2013, defendant Nationstar removed the action to this Court. Plaintiffs' operative first amended complaint ("FAC") asserts claims for (1) wrongful foreclosure pursuant to California Civil Code §§ 2923 et seq. and 2924 et seq.; (2) mortgage fraud; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (4) quiet title; (5) slander of title; and (6) promissory estoppel.[1]

---

[1] Plaintiffs filed their initial complaint in Superior Court for the County of Riverside on November 12, 2013. Subsequently, on November 25, 2013, plaintiffs filed their first amended complaint in Riverside County Superior Court. However, defendant Nationstar's notice of removal appears to have removed the initial, already superseded complaint. Dkt. 1. As a result, the FAC was not filed in this Court until it was submitted in connection with the present motions to dismiss. See BANA's Request for Judicial Notice, Ex. H. This Court exercises its discretion to construe plaintiffs' FAC as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

On December 20, 2013, defendants BANA and Nationstar each filed a motion to dismiss. Dkts. 7, 10. Plaintiffs filed oppositions to both motions on January 13, 2014, dkts. 14-15, and defendants filed replies on January 17, 2014, dkts. 23-24. On February 3, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs' allegations arise from a mortgage on their property, located at 20345 Avenida Del Rubio, Murrieta, CA 92562 ("the property"). FAC ¶ 14. Plaintiffs allege that the property is secured by a first deed of trust dated March 26, 2007, which identified Countrywide Bank, FSB, ("Countrywide") as Lender, and Recontrust Company, N.A. as Trustee, with a total first encumbrance of $1,155,500.00. Id. ¶ 16. In 2008, BANA purchased all of Countrywide's assets, making them Countrywide's successor in interest. Id. ¶ 16.

After plaintiffs fell behind on their mortgage payments, BANA began foreclosure proceedings by executing a notice of default and subsequent notice of trustee's sale on February 22, 2011. Id. ¶¶ 17, 19. Plaintiffs brought suit in Superior Court for the County of Riverside in 2011, which they voluntarily dismissed when BANA agreed to offer plaintiffs an opportunity to apply for a loan modification. Id. ¶¶ 20, 24. Plaintiffs submitted numerous complete loan modification packages, and were subsequently notified that they were not eligible. Id. ¶¶ 25-53. After further negotiation, plaintiffs received on March 2, 2013, a letter from BANA with a trial payment plan, which plaintiffs did not accept. Id. ¶ 62.

As of July 1, 2013, defendant Nationwide began servicing plaintiffs' loan. Id. ¶ 94. Plaintiffs then applied for loan modifications through Nationstar, and were denied several times. Id. ¶¶ 101, 105. Plaintiffs' single point of contact changed numerous times throughout their interaction with Nationstar. Id. ¶¶ 100-112.

operative complaint in this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

On October 31, 2013, Nationstar informed plaintiffs that a trustee's sale had been scheduled for November 18, 2013. Id. ¶ 111. On November 2, 2013, plaintiffs received a letter with a Notice of Trustee's Sale, stating the sale would take place on November 18, 2013. Id. ¶ 112. Plaintiffs do not allege whether the trustee's sale has taken place.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A. Homeowner's Bill of Rights

Plaintiffs assert a claim for wrongful foreclosure, asserting that plaintiffs have violated the Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923 et seq. and 2924 et seq.  Id. ¶¶ 116-133.  Among other requirements, these statutes mandate that "individual borrowers and lenders 'assess' and 'explore' alternatives to foreclosure," and that "[d]uring the foreclosure process, the debtor/trustor [be] given several opportunities to cure the default and avoid the loss of the property."[2]  Mabry v. Superior Court, 185

---

[2] Nationstar argues that these requirements are inapplicable because the HBOR does not apply to loans that originated prior to January 1, 2013.  The Court finds this argument unpersuasive.  While § 2923.6 did not become effective until January 1, 2013, its terms show that the California Legislature intended for it to apply to loans originated in previous years if there has been a material change in financial circumstances.  In this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

Cal. App. 4th 208, 223 (2010).  Plaintiffs contend that defendants failed to comply with several different statutory requirements when considering their applications for a loan modifications.

     To begin, plaintiffs' claims against BANA under the HBOR all fail.  Because it appears that the property has not yet been sold, the HBOR only authorizes injunctive relief.  See Cal. Civ. Code § 2924.12(a)(1).  Here, the pending notice of trustee's sale—and thus the only trustee's sale which this Court could enjoin—was recorded by Nationstar, who took over the servicing of plaintiffs' loan on July 1, 2013.  As such, even assuming that BANA did violate the HBOR, the Court could not grant injunctive relief because BANA is no longer attempting to sell the property.  Accordingly, the Court finds that plaintiffs have failed to state a claim against BANA for violation of the HBOR.  The Court therefore turns to plaintiffs' claims under the HBOR against Nationstar.

     First, plaintiffs assert a claim under California Civil Code § 2923.6, which provides, among other things, that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a

---

regard, § 2923.6(g) prohibits dual tracking with respect to "borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013."  This conclusion is consistent with recent district court cases that have applied this section to loans originated prior to 2013.  See Singh v. Bank of America, N.A., 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013); Ware v. Bayview Loan Serv., LLC, 2013 WL 6247236, at *6 (S.D. Cal. Oct. 29, 2013).

     To the extent that Nationstar argues that retroactive application of the HBOR would unconstitutionally impair the mortgage contracts, the Court finds this contention unpersuasive.  As Nationstar itself argues, see Reply 7, the HBOR governs the procedures by which mortgage servicers must consider applications for mortgage modifications; it does not require servicers to substantively modify those contracts.  Nationstar cites no cases more recent than 1937 as support for its argument.  To the contrary: as discussed above, numerous recent decisions have applied the HBOR to loans that originated before January 1, 2013.  As such, the Court finds that the HBOR applies to the plaintiffs' mortgage here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Plaintiffs assert that Nationstar violated this and other requirements when considering their application for a loan modification in the fall of 2013. FAC ¶¶ 120-127. Plaintiffs claims against Nationstar under 2923.6 all fail, however, because subsection (g) specifically states that:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Here, plaintiffs were offered a loan modification in March 2013. Plaintiffs did not accept this modification. FAC ¶ 62. As such, under subsection (g), Nationstar was under no obligation to consider plaintiffs' renewed application for a loan modification, and thus are not liable for any alleged violations of § 2923.6.

Plaintiffs resist this conclusion, arguing that there was a "material change" in their financial circumstances which would require Nationstar to consider their application anew. The FAC, however, does not contain factual allegations showing a material change in plaintiffs' financial circumstances, nor that plaintiffs provided documentation of these changes to Nationstar. The closest the FAC comes is stating that "the Plaintiffs' income has continued to dwindle due to reductions in take home pay, increases in healthcare costs, and due to cost of living increases caused by the overall stagnation of the national economy." FAC ¶ 100. Even assuming that the Court could infer a "material change in the borrower's financial circumstances" from these conclusory, nonspecific allegations, the FAC explicitly states that this information was communicated to Nationstar during a "verbal overview" of plaintiffs' financial situation. As such, plaintiffs have not sufficiently alleged that they provided Nationstar with the required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

documentation showing the alleged material change in the borrower's financial circumstances.

Second, plaintiffs' assert a violation of Cal. Civ. Code § 2923.7. When a borrower requests a foreclosure prevention alternative, section 2923.7 states that a mortgage servicer "shall promptly establish a single point of contact and provide the borrower with one or more direct means of communication with the single point of contact." Section 2923.7(e) defines "single point of contact" ("SPOC") as "an individual or team of personnel, each of whom has the ability and authority to perform the responsibilities" described in § 2923.7(b)-(d).

Here, plaintiffs allege that Nationstar shuffled them from SPOC to SPOC. See FAC ¶ 95 (initial Nationstar SPOC assigned on July 12, 2013); id. ¶ 99 (new SPOC assigned August 6, 2013); id. ¶ 100 (plaintiffs called to inquire who was their SPOC, transfered to third individual); id. ¶ 102 (new SPOC assigned August 22, 2013); id. ¶ 103 (new SPOC assigned September 3, 2013); id. ¶ 104 (new SPOC assigned September 27, 2013); id. ¶ 106 (reassigning old SPOC on October 14, 2013). Plaintiffs further allege that, as a result of their constantly changing SPOC, they (1) were required to repeatedly reinform new individuals about the details of their loan and (2) received contradictory information from different SPOCs. See generally id. ¶¶ 95-110, 129, 130.

Nationstar argues that this conduct complied with § 2923.7 because plaintiffs at all times had an individual designated as their SPOC and "[t]here is no requirement under Civil Code § 2923.7 that the SPOC remain the same." Reply 8. The Court finds this unpersuasive, for three reasons. First, the argument is squarely foreclosed by § 2923.7(c), which states: "The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current." Second, § 2923.7(a) directs servicers to establish "a single point of contact" (emphasis added) when borrowers request assistance with preventing foreclosure.³ The rest of § 2923.7 then refers to "the single point of contact,"

---

³ At the hearing on this motion, Nationstar also argued that plaintiffs have not alleged a violation of § 2923.7 because subsection (e) defines SPOC to include teams of personnel, and the multiple individuals listed in plaintiffs' complaint could comprise a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

demonstrating that the statute contemplates the SPOC remaining the same throughout a borrowers interaction with the servicer. Lastly, as a practical matter, a finding that the conduct described above complies with § 2923.7 would render the SPOC requirement a nullity. See In re Cervantes, 219 F.3d 955, 961 (9th Cir. 2000) ("[S]tatutes should not be construed in a manner which robs specific provisions of independent effect." (quotations omitted)). Accordingly, because plaintiffs have alleged facts showing that Nationstar did not provide them with a SPOC as required by the HBOR, the Court finds that plaintiffs have adequately stated a claim for violation of § 2923.7.[4]

### B. Wrongful Foreclosure, Quiet Title, and Slander to Title.

In addition to asserting wrongful foreclosure under the HBOR, plaintiffs also assert a claim for wrongful foreclosure based on allegations that defendants did not have interest in plaintiffs' loan and thus lacked the authority to foreclose. Plaintiffs premise this claim on allegations that (1) their loan was improperly securitized and (2) their loan documents were "robo-signed." Id. ¶¶ 131-134. Plaintiffs' claims for quiet title, slander of title, and violations of the UCL are similarly premised on these contentions regarding securitization and robo-signing. Id. ¶¶ 166-172.

---

team. This argument fails, however, because under subsection (e), every member of a team constituting a SPOC must have "the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive." Subsection (e) further provides that "[t]he mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." Here, plaintiffs have sufficiently alleged that the Nationstar personnel handling their application lacked the knowledge and authority to constitute as a "team of personnel" as contemplated by § 2923.7(e).

[4] The FAC also quotes two other provisions of the HBOR, § 2924.11 and § 2924.18. See FAC ¶¶ 128, 131. The FAC does not make clear whether plaintiffs are asserting separate claims for violation of these provisions, nor does it provide any explanation of how Nationstar's conduct allegedly violated these statutes. Accordingly, to the extent that plaintiffs are asserting a claim for violation of § 2924.11 and § 2924.18, the Court finds that those claims should be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

For reasons discussed herein, the Court finds that plaintiffs' claims based on alleged robo-signing and improper securitization fail, and plaintiffs therefore fail to state a claim for wrongful foreclosure, quiet title, or slander of title.

1. Securitization

Plaintiffs argue that defendants had no right to initiate the foreclosure process against the property because defendants were never legally assigned plaintiffs' deed of trust and note. Id. ¶¶ 131-134. The documents assigning plaintiffs' deed of trust and note to Citibank state that the beneficiary of plaintiffs' deed of trust is MERS, "and the successors and assignees of MERS." Nationstar's Mot. to Dismiss, Ex. B. According to plaintiffs, this assignment was invalid because (1) it did not comply with the terms that governed the securitization of plaintiffs' mortgage, and (2) it was invalid under New York trust law due to the fact that it was dated 1,260 days after the closing of the trust, the entity for which MERS was acting as trustee. FAC. ¶¶ 131-134

Contrary to plaintiffs' argument, the "securitization" of plaintiffs' promissory note did not deprive defendants of the right to foreclose on the property. Under California Civil Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Authorized parties include "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civil Code § 2924(b)(4). "[T]he statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. . . [and] does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); see also McGough v. Wells Fargo Bank, N.A., 2012 WL 2277931 (N.D. Cal. June 18, 2012) (discussing cases, noting that "[t]heories that securitization undermines the lender's right to foreclose on a property have been rejected by the courts"); Herrera v. Fed. Nat. Mortg. Assn., 205 Cal. App. 4th 1495, 1498 (2012) ("[C]ourts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust. Plaintiffs granted MERS such authority by signing the deed of trust."). The Court accordingly finds that any deficiencies in securitization did not deprive defendants of the authority to foreclose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

The Court also finds that plaintiffs lack standing to challenge alleged flaws in securitization. In Fontenot v. Wells Fargo Bank, 198 Cal. App. 4th 256, 271 (Cal. App. 1st 2011), for example, the plaintiff challenged a non-judicial foreclosure sale on the grounds that a defendant "lacked authority to foreclose, never having received a proper assignment of the debt." Id. The court rejected this argument because "a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." Id. at 272. In particular, the court explained that the "assignment merely substituted one creditor for another, without changing her obligations under the note," and pointed out that plaintiff failed to allege how "the transfer to [the defendant] interfered in any manner with her payment of the note." Id. Additionally, the court observed that if there were any irregularities in the assignment of the debt, "the true victim was not the plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." Id. at 272.

Here, as in Fontenot, plaintiffs have not explained how the alleged flaws in the securitization process were prejudicial to their interests. Plaintiffs do not, for example, allege that the default and foreclosure sale occurred only because they made timely payments to the assignor of the debt as opposed to the assignee, or that the violations somehow kept timely payments from being properly credited to their account. Without tethering the alleged violations of securitization to their interests, plaintiffs are attempting to challenge the foreclosure based solely on irregularities that do not actually affect them, and California law therefore bars their claims. See, e.g., Bascos v. Fed. Home Loan Mort. Corp., 2011 WL 3157063, 6 (C.D. Cal. 2011); Gilmore v. Am. Mortg. Network, 2012 WL 6193843, 9 (C.D. Cal. 2012).

Consequently, the Court finds that plaintiffs' wrongful foreclosure claims based on improper securitization should be dismissed.

2. Robo-Signing

Second, to the extent that plaintiffs' allegations that defendants lacked the power to foreclose are predicated on alleged "robo-signing," plaintiffs' claims fail. "Robo-signing" occurs when persons sign a document without personal knowledge of the content attested to therein and/or sign the documents without the requisite authority to do so. Cal. Civ. Code §§ 2924.17(b) requires mortgage servicers to ensure they have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

reliable evidence to substantiate the borrower's default before serving a notice of default or similar document.  Here, plaintiffs assert their loan was "robo-signed" by an employee with no authorization or knowledge of the loan.

However, California courts routinely dismiss claims based on allegations of "robo-signing" when irregularities in the signing or assignment of the security interests do not prejudice the borrower.  See, e.g., Pedersen v. Greenpoint Mortg. Funding, Inc., 900 F. Supp. 2d 1071, 1083 (E.D. Cal. 20120).  This is because in the case of default, "[t]he foreclosure would occur regardless of what entity was named as trustee, and so [the borrower] suffered no injury" as a result of the robo-signing.  Javaheri v. JPMorgan Chase Bank, 2012 WL 3426278, at *6 (C.D. Cal. 2012).  Accordingly, the Court finds that plaintiffs cannot premise their claims on allegations of robo-signing, as plaintiffs have not shown how that robo-signing was prejudicial to their interests.

**C. Mortgage Fraud**

Plaintiffs also assert claims for mortgage fraud against defendant BANA. Plaintiffs allege that they first learned they were victims of predatory lending in early 2012.  Id. ¶¶ 138-163. In 2008, BANA purchased all of Countrywide's assets, making them Countrywide's successor in interest.  Id.  Plaintiffs allege that they were unaware that the 2007 Countrywide loan was predatory due the excessively high interest rates and fees.  Id.

Plaintiffs' claim for fraud, however, is subject to a three-year statute of limitations, and is therefore time-barred.  Cal. Code Civ. Proc. § 338(d).  A claimant's fraud claim accrues when "the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statue commences to run."  Lee v. Escrow Consultants, Inc., 210 Cal. App. 3d 915, 920 (1989).

Here, the loan contract, which plaintiffs state they signed in March 2007, explicitly states the loan terms in writing, including the allegedly predatory rates and fees.  Id. ¶ 16.  As such, because these loan documents put plaintiffs on notice of any allegedly fraudulent conduct relating to the terms of their loan, the statute of limitations began running in March 2007.  Plaintiffs resist this conclusion, asserting that they first discovered BANA's allegedly predatory lending practices in March 2012, when they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

received the full underwriting file in response to a discovery request in their first suit. Id. ¶ 140. Plaintiffs, however, do not specifically plead any facts showing why they were unable to discover the explicit terms of their loan from the loan documents they signed in 2007. See Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 423 (1996).

Plaintiffs cite Fuller v. First Franklin Fin. Corp., 216 Cal. App. 4th 955 (2013), to argue that the statute of limitations should not start running until plaintiffs discovered the alleged fraud in the underwriting file they received from a discovery request. In Fuller, the Court of Appeal found that the statute of limitations for plaintiff's fraud claim began running only after the homeowners sought a loan modification and learned the true terms of their loan and appraisal. Id. Plaintiffs' reliance on Fuller fails, however, because Fuller's reasoning turned on the specific mortgage broker's fiduciary relationship to buyers. Here, plaintiffs have not alleged that Countrywide, which was the lender rather than the broker, was a fiduciary of plaintiffs. See Smith v. Home Loan Funding Inc., 192 Cal. App. 2d 1131 (2011). Accordingly, the Court finds that plaintiffs' claim for mortgage fraud is time barred and fails as a matter of law.

### D. Promissory Estoppel

Plaintiffs assert a claim for promissory estoppel against defendant BANA. To state a claim for promissory estoppel, plaintiffs must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 905 (2005). Here, plaintiffs allege that, in connection with their prior action in state court against BANA, BANA's counsel promised them an opportunity for a loan modification if they agreed to voluntarily dismiss their case. Plaintiff contend that BANA breached this promise by failing to modify their loan. FAC ¶¶ 255-256.

The Court finds that this claim fails. Assuming for the moment that the statement of BANA's counsel constituted an enforceable obligation, BANA performed its promise by offering plaintiffs a loan modification in March 2013. Id. ¶ 62. Although plaintiffs contend that this loan modification was not adequate because it did not include a reduction in the mortgage principal, plaintiffs have not alleged a "clear and unambiguous promise" by BANA's counsel to offer a modification that included a principal reduction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

As such, the Court finds that plaintiffs have failed to state a claim for promissory estoppel.

**E. UCL**

The UCL authorizes actions for injunctive relief to enjoin "unfair competition." Cal. Bus. & Prof. Code § 17203. Unfair competition includes "any unlawful, unfair or fraudulent business act or practice." Id. § 17200. With respect to defendant Nationstar, the Court finds that the FAC states a claim under the "unlawful" prong of the UCL based on the alleged failure of Nationstar to provide a SPOC, in violation of Civil Code § 2923.7, discussed above. See, e.g. Farmers Ins. Exch. v. Sup. Ct., 2 Cal. 4th 377, 383 (1992) (explaining that the UCL treats violations of other laws as actionable under the UCL). Nationstar argues that plaintiffs lack standing to assert a UCL claim because they have not suffered an injury in fact. Dkt. 10, at 15. This argument fails because the threat of a foreclosure is sufficient to establish standing to assert a UCL claim. See Clemens v. JP Morgan Chase Nat'l Corp. Servs., Inc., 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009), abrogated on other grounds by Sonoda v. Amerisave Mortg. Corp., 2011 WL 2690451 (N.D. Cal. July 8, 2011); Sullivan v. Wash. Mutual Bank, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009).

With respect to defendant BANA, the Court finds that plaintiffs fail to state a claim for violation of the UCL. Plaintiffs premise their claim against BANA on their other claims discussed above, as well as generalized assertions of wrongful practices in the mortgage industry as a whole. For the reasons discussed above, plaintiffs' substantive claims against BANA are all deficient; the Court thus concludes that their UCL claim fails as well. See Farmers Ins. Exch., 2 Cal. 4th at 383.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS BANA's motion to dismiss. The Court GRANTS IN PART and DENIES IN PART Nationstar's motion to dismiss. Nationstar's motion to dismiss is DENIED as to plaintiffs claims for violation of Cal. Civ. Code § 2923.7 and the UCL, and otherwise GRANTED.

At the hearing on February 3, 2014, the parties informed the Court that they were currently engaged in settlement discussions. On its own motion, the Court hereby stays

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-cv-02293-CAS(DTBx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | STEVEN R. MANN ET AL. v. BANK OF AMERICA, N.A. ET AL. | | |

this case for 60 days to facilitate these discussion.  The Court sets a telephonic status conference for April 9, 2014 at 12:00 P.M  All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference.  Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS at (213) 894-8551 on the date and time scheduled. If the Court's conference line is busy, continue to try to connect, the Court may be finalizing a previous conference call.  Counsel shall be available 30 minutes prior and 30 minutes after the time scheduled for the telephone conference.  NOTE: During the telephonic hearing, counsel must identify themselves before they speak for the benefit of the Court.

  Consistent with this stay, plaintiffs shall have until and including **April 14, 2014**, to file an amended complaint.

  IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |